988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Raymond DURHAM, Petitioner-Appellant,
v.
Carl ZENON; State of Oregon, Respondents-Appellees.
 No. 92-35435.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 5, 1993.
 
 Appeal from the United States District Court for the District of Oregon; No. CV-91-793-MFM, Malcolm F. Marsh, District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Raymond Durham, an Oregon state prisoner, appeals pro se the dismissal of his second 28 U.S.C. § 2254 habeas corpus petition. Durham contends that the district court erred by dismissing the petition as an abuse of the writ. We have jurisdiction under 28 U.S.C. § 2253. We review for an abuse of discretion, Campbell v. Blodgett, No. 92-35360, slip op. 14759, 14765 (9th Cir. Dec. 24, 1992), and affirm.
 
 
 3
 "[A] subsequent habeas petition which raises new grounds need not be considered if the petitioner has, through deliberate abandonment or inexcusable neglect, abused the writ." Id.; see McCleskey v. Zant, 111 S.Ct. 1454, 1468 (1991) ("a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first"). The failure to raise a claim in the first petition may be excused if the petitioner shows cause and prejudice. McCleskey, 111 S.Ct. at 1470. To show cause, the petitioner must show that an " 'objective factor external to the defense' " prevented him from raising the claim in the first petition. Id. (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).
 
 
 4
 Here, in Durham's second federal habeas petition, filed on July 18, 1991, he claimed that the trial court lacked authority to impose consecutive sentences on his June 4, 1984 convictions for murder, burglary, and firearm possession. He did not raise this claim in his first federal habeas petition, filed on December 20, 1988, or in the amended petition, filed by counsel on April 27, 1990.
 
 
 5
 Durham contends that there was cause for his failure to raise the claim in the first petition because counsel prevented him from exhausting the claim in state court until July 1991. He claims that the state public defender's office, which represented him on direct appeal, had an agreement not to raise an issue in the Oregon Supreme Court if the issue already was before the court in another case. He cites Batchelor v. Cupp, 693 F.2d 859 (9th Cir.1982), cert. denied, 463 U.S. 1212 (1983), which discusses the following agreement:
 
 
 6
 The Oregon public defenders agreed ... that they would not routinely seek discretionary review in the Oregon Supreme Court after the Oregon Court of Appeals ruled against their clients in direct and collateral criminal appeals. The Oregon Attorney General's office at least tacitly agreed in return that it would not argue in response to a federal habeas petition that a petitioner had not exhausted state remedies on the sole ground that the petitioner had not sought review in the Oregon Supreme Court.
 
 
 7
 Id. at 861.
 
 
 8
 Even assuming Durham's attorney followed this agreement, however, Durham has not established cause for his failure to raise the consecutive sentencing claim in his first federal habeas petition in 1988. If the claim still was unexhausted in 1988, then Durham could have exhausted it in state post-conviction proceedings before filing the federal habeas petition. If the claim was procedurally defaulted by 1988, then any cause for the default already existed. Accordingly, the district court did not abuse its discretion by finding an abuse of the writ. See McCleskey, 111 S.Ct. at 1470; Campbell, slip op. at 14765.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral agrument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3